Thurman R. Lamb v. Commissioner.
Lamb v. Commissioner
Docket No. 31577.
United States Tax Court
1954 Tax Ct. Memo LEXIS 310; 13 T.C.M. (CCH) 111; T.C.M. (RIA) 54042; February 5, 1954
*310 Lester I. Bowman, Esq., Union Trust Building, Petersburg, Va., and Louis Lee Guy, Esq., for the petitioner. E. M. Woolf, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax and penalties as follows: Year
Deficiency
50% penalty
1941
$ 908.65
$ 454.33
1942
15,270.15
7,635.08
1943
10,948.61
5,474.31
1944
18,836.31
9,418.16
1945
3,591.91
1,795.96
1946
7,926.02
3,963.01
The petitioner contests only the 50 per cent addition to the tax for fraud and pleads the statute of limitations for the taxable years 1941, 1942, and 1943. Findings of Fact Petitioner is an individual residing in Norfolk, Virginia. He filed his returns for the years 1941 to 1946, inclusive, with the collector of internal revenue for the district of Virginia, at Richmond. The petitioner is 55 years of age and was educated to the seventh grade. He has had no experience or training in office work. During the years 1941 to 1946, inclusive, petitioner was engaged in business as a used-car dealer, owning and operating the business under the name of City Motor Company in Norfolk, Virginia. *311 This business was established by petitioner in 1937. The business transactions of the City Motor Company were inadequately kept, and recorded in several loose-leaf binders, using a single-entry method of accounting. There was no general ledger or any recording of cash receipts and disbursements. The purchase records were substantially complete except for two months and parts of three other months in 1943. The sales records for 1941 and 1942 had been destroyed, but the sale invoices were apparently complete for those years. A summary of office expenses was loosely maintained. Because of the absence of control accounts in the records maintained it was impossible to detect omissions of sales and purchases. In August 1948, agents of the Bureau of Internal Revenue audited petitioner's books and, in attempting to verify the books and records from outside sources, found indications of omitted purchases and sales. Finding that petitioner's books were incomplete and did not reflect his true income, respondent determined by the use of bank deposits, plus the net worth and expenditures method, that petitioner had net taxable income as follows: Net income
Corrected
Year
reported
net income
1941
$ 2,283.05
$ 8,011.05
1942
18,308.96
43,346.68
1943
33,282.64
48,635.36
1944
22,118.74
49,608.49
1945
12,774.69
19,818.10
1946
10,798.88
27,075.43
Total
$99,566.96
$196,495.11
*312 Petitioner interposed no objection to the method used by respondent in arriving at the corrected taxable net income for the years in question and conceded the deficiencies determined to be correct. Respondent has added thereto the 50 per cent additions to the taxes for fraud with intent to evade taxes. From canceled checks furnished by the petitioner, respondent obtained numerous title numbers of automobiles which petitioner had previously handled in his used car business. By tracing the title files in the Division of Motor Vehicles, Richmond, Virginia, respondent determined that certain cars which had been titled in petitioner's name, trading as City Motor Company, had not been recorded on the records thereof as purchases, and on subsequent assignment were not recorded as sales. Respondent ascertained that in 1943 the purchase and sale of a 1941 Buick was omitted from petitioner's records. In 1944 there were three omissions. In 1945 there were eight omissions, and two such omissions in 1946. During the taxable years involved petitioner maintained a "Dealer's Reserve Account" in the Southern Bank of Norfolk, Virginia, through which he financed the sale of his cars. In his returns *313 for the years 1941 and 1942 petitioner reported as income the respective amounts of $925 and $320, representing collections by the bank of notes given by purchasers of used cars from petitioner. For the years 1943, 1944, 1945, and 1946, petitioner did not report as a separate item any income received from this source. The net worth statement, as reconstructed by respondent, shows reserve credits to petitioner in the following amounts: Year
Reserve
1943
$4,131.27
1944
7,320.63
1945
7,867.63
1946
7,773.75
During the years 1941 to 1945, inclusive, Julia Collmus was employed by petitioner as secretary-bookkeeper at $10 per week. She did not work Saturday afternoons and Sundays although City Motor Company remained open for business during those times. She was also absent from the business from two to four weeks during each of the years 1944 and 1945. In 1943 she was employed by the local draft board for three months. When sales were made during the absence of Julia Collmus sales invoices were prepared by petitioner's three salesmen. Such duplicate invoices as were left in a designated drawer or behind the typewriter were filed and recorded by Julia Collmus upon *314 her return to the office. Petitioner's tax returns for the years 1941, 1942, and 1943, were prepared by Julia Collmus and presented to petitioner, along with a check for the amount of tax due, for his signature. The returns for 1944 and 1945 were prepared by P. A. Hart, a bookkeeper in Norfolk, Virginia, upon information contained in the books and records of City Motor Company supplied by Julia Collmus. In the early part of 1946 Julia Collmus left petitioner's employ. Thereafter, the records were maintained by Edward Halabi, one of petitioner's salesmen, who also prepared petitioner's return for 1946. Neither P. A. Hart nor Edward Halabi appeared as witnesses at the trial. The records maintained by petitioner, trading as the City Motor Company, for the taxable years 1941 to 1946, inclusive, were incomplete and did not properly reflect his correct taxable income for such years. A part of the deficiency determined against petitioner for the taxable years 1941 to 1946, inclusive, was due to fraud with the intent to evade payment of income taxes. Opinion LEMIRE, Judge: Petitioner has accepted the respondent's determination of the deficiencies in petitioner's income tax for *315 each of the taxable years 1941 to 1946, inclusive, which were arrived at by the use of bank deposits, plus the net worth and expenditures method. The sole question presented, therefore, is whether the respondent has sustained his burden of proof that for each of the taxable years involved part of the deficiency determined was due to petitioner's filing false and fraudulent returns with intent to evade tax. The record establishes that for each of the taxable years 1941 to 1946, inclusive, petitioner understated his taxable net income by approximately 100 per cent and in the total amount of $96,928.15. His reported net income for those years amounted to $99,566.96. In our opinion, the variances are so great and so consistent in character as to negative petitioner's contention that his understatements of annual income were the result of inexperience, inefficiency, and neglect alone. The petitioner's records were incomplete and inadequate because of the lack of control accounts so that omissions of purchases and sales could not be discerned by examination of such records. Respondent has established some 14 transactions of the purchase and resale of used cars which were not reflected *316 on petitioner's records during the taxable years involved. Petitioner contends that such omissions were the result of his permitting friends or employees to purchase used cars in his name to facilitate financing and that no profit inured to him other than rebates on interest charges by the financing banks. Petitioner's explanation respecting the amounts established by respondent as being received by petitioner from his reserve account in the Southern Bank of Norfolk is that for the years 1943 to 1946, inclusive, such items were included in his overall gross income rather than reported separately, as in his 1941 and 1942 returns. Petitioner has attempted to explain the understatements of his net income in each of the taxable years by stating that he delegated all office details to others, and perfunctorily signed the returns and the accompanying checks which had been prepared for him. A taxpayer in reporting his taxable income cannot lightly avoid the responsibility of filing a proper and correct return. We are not persuaded that petitioner was unaware of the sizable differences between the amount of income reported by him and the accumulated assets shown by his net worth. Under *317 all of the facts and circumstances presented by this record, we think that the repeated omission of such large amounts of unreported income in each of the taxable years involved was intentional and deliberate and requires us to conclude that the 50 per cent additions to the tax for fraud should be sustained. Decision will be entered for the respondent.